O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJ ACOSTA COMPANY, INC., UNITED STATES OF AMERICA, for the use and benefit of a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE ENGINEERING, a California corporation, WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>　　　　　　Defendants. | Case No. CV 13-01438 DDP (JCx)<br><br>**ORDER DENYING RANCH ROCK'S MOTION TO INTERVENE**<br><br>[Dkt. No. 23] |

　　Presently before the Court is Ranch Rock's motion to intervene in this action (the "Motion"). (Docket No. 23.) For the reasons stated in this order, the Motion is DENIED WITHOUT PREJUDICE.

**I. Background**

　　Defendant Allstate Engineering ("Allstate") was the prime contractor on a federal demolition project located at Vandenberg Air Force Base, known as "Demolish East Housing Infrastructure, VAFB, Santa Barbara County, CA" (the "Project"). (Decl. of Choi, ¶ 2.) The U.S. Government awarded the prime contract to Allstate on

September 24, 2011, with Defendant Western Surety Company as surety. (Id.) The terms of the contract were to demolish the concrete foundations and driveways of old housing structures and to bring the site back to a natural state. (Id.) Allstate entered into a subcontract agreement with Plaintiff A.J. Acosta Company Inc. ("AJ Acosta") on February 1, 2012, by which AJ Acosta agreed to perform the demolition and crush the concrete down to 8 inch pieces. (Id. ¶ 4.) AJ Acosta performed work pursuant to that subcontract. (Id., Exh. 3.)

On September 28, 2012, the U.S. government issued a change order to change project specifications to require that all concrete be broken down into 2 inch pieces. (Decl. of Choi, ¶ 4, Ex. 2.) Allstate terminated AJ Acosta's performance under its subcontract. (Id.) Allstate then entered into a subcontract agreement with Ranch Rock Corporation ("Ranch Rock") on October 16, 2012. (Decl. of Choi, ¶ 5; see Motion, Exh. A.) Ranch Rock was to crush 8 inch pieces of concrete down to 2 inch pieces, pursuant to the change order. (Decl. of Choi, ¶ 5.)

This federal action was filed by the United States on behalf of AJ Acosta, seeking payment from Defendants for AJ Acosta's work on the Project. Claims of this nature are brought pursuant to the Miller Act, 40 U.S.C. § 3131 et seq. In the Motion, Ranch Rock seeks to intervene in this action under Federal Rule of Civil Procedure 24, seeking payment for its work on the Project.

Ranch Rock apparently filed its claim originally in state court in Santa Barbara County, California. (Decl. of Horowitz, Exhs. 1-6 through 1-13.) However, federal courts have exclusive jurisdiction over Miller Act claims. Upon realizing this, Ranch

Rock, as a counterdefendant in the state court action, attempted to remove the state court action to this Court. (Decl. of Horowitz, Exh. 1.) Judge Wright remanded the action to the Santa Barbara Superior Court on March 14, 2014, finding that Ranch Rock, as the original plaintiff in that action, could not properly remove it to federal court. (Decl. of Horowitz, Ex. 3.) Ranch Rock is now trying to get back into federal court by way of the Motion.

**II. Discussion**

Ranch Rock seeks to intervene to bring claims against Defendants under the Miller Act. "The rule permitting intervention presupposes the applicant has the right to maintain a claim for the relief he seeks." Donson Stores, Inc. v. American Bakeries Co., 58 F.R.D. 481, 483 (S.D.N.Y. 1973); see also Solien v. Miscellaneous Drivers & Helpers Union, 440 F.2d 124, 132 (8th Cir. 1971). Therefore, Ranch Rock must have a right to bring its claims under the Miller Act against Defendants as a precondition to the Court allowing it to intervene.

Claims under the Miller Act are subject to a one year statute of limitations. 40 U.S.C. § 3133(b)(4). Though there is a circuit split on the issue of whether the Miller Act's statute of limitations is a jurisdictional requirement or a claims-processing rule, the Ninth Circuit currently considers it to be a claims-processing rule. U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Industries, Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (overruling U.S., for Use of Celanese Coatings Co. v. Gullard, 504 F.2d 466, 468 (9th Cir. 1974) (holding that Miller Act's statute of limitations is a jurisdictional requirement)). As a result, the statute of limitations is subject to potential equitable

exceptions. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) ("[T]here are two doctrines which may apply to extend the limitations period or preclude a defendant from asserting the defense—equitable tolling and equitable estoppel."); see also Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 94-96 (1990) ("Time requirements in lawsuits ... are customarily subject to 'equitable tolling.'").

Where a statute of limitations is a claims-processing rule, a claim may be dismissed as untimely pursuant to a 12(b)(6) motion "only when the running of the statute [of limitations] is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)); see also Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"). Analogously, the Court here cannot deny a motion to intervene on the basis of untimeliness unless it appears from the face of the complaint in intervention that the statute has run.

Here, it appears from the face of the complaint in intervention (Docket No. 23-1) that the one year statute of limitations has run on Ranch Rock's claims. The complaint states that "[Ranch Rock] ceased working on the Project on December 19, 2012, and removed the last of its equipment from the Project site on February 21, 2013." (Docket No. 23-1, ¶ 8.) Ranch Rock's motion to intervene was not filed until June 18, 2014. This is more than one year after Ranch Rock last worked on the Project and last

4

removed its equipment from the Project site. Therefore, it is apparent from the face of the complaint that the one year statute of limitations ran prior to Ranch Rock filing the Motion. Therefore, the Court DENIES the Motion. However, because it is not clear that Ranch Rock could not plead further facts to demonstrate that its complaint should be considered timely based on equitable considerations, such denial is WITHOUT PREJUDICE. See Von Saher, 592 F.3d at 969; see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**III. Conclusion**

For the foregoing reasons, the Court DENIES the Motion WITHOUT PREJUDICE.[1]

IT IS SO ORDERED.

Dated: July 25, 2014

DEAN D. PREGERSON
United States District Judge

---

[1] The Court does not reach the question of whether Ranch Rock would be entitled to intervention as of right under Rule 24(a), nor whether it would be permitted to intervene under Rule 24(b).

5