LODGED

1  joaquin andres acosta

2  PO Box 2889

3  Big Bear Lake, California

2019 JUN 18  AM 9: 32

~~UNITED STATES DISTRICT COURT~~
~~CENTRAL DIST. OF CALIF.~~
~~LOS ANGELES~~

BY:_____

4

5

6

7

8         District Court for the United States of America

9              Central District of California

10  UNITED STATES OF AMERICA, for

11  the use and benefit of Joaquin Andres
   Acosta, my heirs, successors, assigns and

12  agents

13  v.

14  ALLSTATE      ENGINEERING,      a
   California  Corporation,  WESTERN

15  SURETY COMPANY, a South Dakota
   corporation

16  _____

17  ALLSTATE      ENGINEERING,      a
   California corporation,

18       Counter-claimant,

19  v.

20  A.J. Acosta Company, Inc., a California
   corporation.

21

22

Case No. 2:13-cv-01438 (DDP)(JCx)

Proposed  Order  re:  Joaquin  Andres

Acosta's

**EX PARTE**

Motion to Compel Parties Joaquin Andres

Acosta, ALLSTATE  ENGINEERING  &

WESTERN  SURETY  CORPORATION

To  Binding  Arbitration (ADR)

(9 U.S.C. §6 and §7)

(61 Stat. 671/672, ch. 392)

22  The matter  was  heard, the  Court reviewed  the  papers,  including  oral  testimony.

23  The court  finds  the  following:

24

25  Good cause exists to compel ALLSTATE ENGINEERING ("Allstate") and WESTERN

26  SURETY  COMPANY ("Western") to arbitrate the matter between themselves and

27  Joaquin Andres Acosta within thirty days of this order.

28

**ORIGINAL**

Page 1 of 2

Further, Joaquin Andres Acosta shall choose an arbitrator of his choice, and choosing a location, date and time for the binding arbitration to occur.

Further, ALLSTATE and WESTERN must have their Presidents attend the arbitration, which time and place appointed by the Arbitrator.

Further, if the Presidents' of each of the companies cannot attend the arbitration, each corporation must pass individual resolutions appointing a person who may legally bind said corporations to attend said binding arbitration, in place of their presidents.

Any party may have counsel in attendance and present at the arbitration table.  No person shall prejudice any other party's right to counsel by requiring said counsel to be a member of the California Bar Association. Each may not prohibit the attendance of said non-bar-member.

Further, the failure of any party to attend the arbitration, will be deemed an admission of wrongdoing, and the arbitrator must enter defaults against said party(ies) who failed to attend.

IT IS SO ORDERED, this _____ day of _____, in the Year of Our Lord, Two-thousand nineteen.

_____
Magistrate of the United States District Court

## Certificate of Service

I, _Monique Gonzalez_ certify that i sent the document "Joaquin Andres Acosta's **EX PARTE** Motion to Compel Parties Joaquin Andres Acosta, ALLSTATE ENGINEERING & WESTERN SURETY CORPORATION To Binding Arbitration (ADR)", Proposed Order, and Certificate of Service, on the following:

**ALLSTATE ENGINEERING'S ATTORNEY:**

       Jeffrey Horowitz by email at: **jeff@jdhorowitzlaw.com**

and,

**WESTERN SURETY COMPANY'S ATTORNEY:**

       Craig E. Guenther by email at: **ceguenther@boothmitchel.com**

This _16_ day of June, in the Year of Our Lord, Two-thousand nineteen.

Signature of person serving.

Exhibits

Joaquin Andres Acosta
PO Box 2889
Big Bear Lake, California (92315)
909-866-9634
acostatrees@msn.com

Josh Choi, Allstate Engineering
1206 S. Alvarado Street, Unit A
Los Angeles, CA 90006

Jeffrey D. Horowitz
The Horowitz Law Firm
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, California 91423
(818) 907-8000
jeff@jdhorowitzlaw.com

Robert C. Baumgarten, Mediator
1450 Frazee Rd Suite 403
San Diego California 92108
(858) 278.1229
rcbaum@adr-law.com

Western Surety Company
1445 Frazee Road, Suite 801
San Diego, California 92108

Edward N. Hackett
WESTERN SURETY COMPANY
101 S REID STREET SUITE 300
SIOUX FALLS, SD 57103-7046
Phone:  (800) 331-6053

February 7, 2019

Re:     A.J. Acosta Company v. Allstate Engineering and Western Surety Co.
        USDC, CDC, Case No.  2:13-cv-01438 (DDP)(JC)
        Western Surety Company
        Principal:    Allstate Engineering
        Project:      Vandenberg Air Force Base Demolish East Housing
                      Infrastructure
        Contract:     WP12PL-11-C-0012

1

TO ALL MEN MAKE THESE PRESENTS KNOWN:

To recap events:

On 01/23/2019, the case was reopened, and Joaquin Andres Acosta was substituted for the original claimant, A.J.Acosta Company Incorporated.

On 08/20/2013 (docket no. 15), the Court ordered the parties to participate in ADR procedure number 3, pursuant each party stipulating thereto.

The matter was taken of the Court's Calender, in the Year 2014, because of bankruptcy filing by A.J. Acosta

According to RECORD OF PRE-MEDIATION TELEPHONIC CONFERENCE, call conducted Wednesday, 2 OCT, 2013 by Ken Calegari and Jeff Horowitz, they briefly discussed case management dates, items numbered 1-5.

Further, the Mediation appears to have been scheduled and held at ESQUIRE SOLUTIONS in Costa Mesa, on 22 October, 2013 @ 10 a.m. PST.

Further, there was a settlement offer of Four Hundred and Fifty Thousand Dollars, but said offer was withdrawn due to A.J. Acosta Company's filing for Chapter 11 bankruptcy on February 28, 2014.

**Actions we propose:**

Since the Bankruptcy Trustee abandoned its interest in collecting the outstanding debt due from Allstate and Western Surety Company in 2018, we ask you to reinstate and pay your offer you previously tendered, the sum $450,000. When you pay up, we will waive interest that has compounded for five years, and waive accrued outstanding attorney fees, associated costs, etc.

2

If you do not pay or fail to pay your original offer within ten days, we intend to reinstate ADR, and shall require you to pay the full amounts due, $862,701.45, including five years interest, and the balances due for all the extra work performed, i.e., VAFB Demo Failure to Fairly and Accurately Process Subcontractor Progress Payments, for Disconnecting Capping Utilities, Water Dust Abatement, Fire Hydrant Extra Work, Verizon Telephone Lines, Army Corps FRP1, Army Corps RFP2, including extra damages suffered, for failure to comply with the PROMPT PAYMENT ACT, codified as Federal Acquisition Regulation F.A.R. 52-232-27 (April 1989); and, for Breach of Contract, Open Book Account/Account Stated.

Please respond within ten days, and advise us of your positions regarding prompt payment, including your recollections regarding the above;, and/or resumption of the ADR process.

Sincerely,

Joaquin Andres Acosta.

### Certificate of Service

I, me, joaquin andres acosta hereby certify that my letter dated February 7, 2019, has been electronically sent to:

Jeffrey D. Horowitz
The Horowitz Law Firm
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, California 91423
(818) 907-8000
jeff@jdhorowitzlaw.com

Robert C. Baumgarten, Mediator
1450 Frazee Rd Suite 403
San Diego California 92108
(858) 278.1229
rcbaum@adr-law.com .

The following have been sent by U.S. First Class Mail to:

Josh Choi, Allstate Engineering
1206 S. Alvarado Street, Unit A
Los Angeles, CA 90006

Western Surety Company
1445 Frazee Road, Suite 801
San Diego, California 92108

Edward N. Hackett
WESTERN SURETY COMPANY
101 S REID STREET SUITE 300
SIOUX FALLS, SD 57103-7046
Phone:  (800) 331-6053

This ____ day of February, in the Year of Our Lord, A.D., two thousand nineteen.

joaquin andres acosta.

-4-

## NOTICE OF FAULT
### and
## OPPORTUNITY TO CURE DEFAULTS
By Email

To:   JEFFREY D. HOROWITZ
The Horowitz Law Firm
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, California 91423
jeff@jdhorowitzlaw.com

as exclusive agent/representive for:

JOSHUA B. CHOI
ALLSTATE  ENGINEERING CORPORATION
1206 South Alvarado Street, Unit A
Los Angeles, California 90006

WESTERN SURETY COMPANY
101 S. REID STREET, SUITE 300
Sioux Falls, South Dakota, 57103

EDWARD N. HACKETT
WESTERN SURETY COMPANY
1445 Frazee Road, Suite 801
San Diego, California 92108

February 19, 2019

Re:   A.J. Acosta Company v. Allstate Engineering and Western Surety Co.
U.S.D.C. CDC, Case No. 2:13-cv-01438(DDP)(JC)
Western Surety Company
Principal:   Allstate Engineering
Project:     Vandenburg Air Force Base Demolish East Housing Infrastructure
Contract:    WP12PL-11-C-0012

Dear Jeff,

As Agent/representative for ALLSTATE ENGINEERING and WESTERN SURETY
COMPANY, and your clients ALLSTATE ENGINEERING and WESTERN SURETY,
you are responsible for all matters concerning them, and to act for them and obligating
them to certain things, either by actively or inactively.

On February 7th, 2019 you were sent my Proposal to Arbitrate the Matter. As you are

aware, that the final day to respond or counter my proposal without default was February 18, 2019.

On February 13th, 2019, you were sent an amended proposal giving you and your clients ALLSTATE ENGINEERING and WESTERN SURETY COMPANY the opportunity to respond or rebut said novations, i.e., pay the sum $450,000 with me waiving five years interest, and waiving accrued outstanding attorneys fees, associated costs; and, failure to respond or rebut you further bound your clients ALLSTATE ENGINEERING and WESTERN SURETY COMPANY agreed to paying the full amount required under contract, the sum $862,701.45, including five years interest at 10% percent compounded daily, including unpaid balances for all extra work performed.

Since you failed to respond, you have bound your clients to all of the following:

    Binding arbitration, the arbitrator being my choice;
    Skipping entire court process except for enforcement of the arbitrator's judgment;
    Initiating an Involuntary Chapter 7 Bankruptcy against ALLSTATE
        ENGINEERING and WESTERN SURETY
    Joaquin Andres Acosta is to be a 'secured creditor–being paid first before all other
        creditors;
    Payment in addition to the 862,701.45 including interest, the additional amount of
    ONE MILLION TWO HUNDRED THOUSAND including compound interest
    compounded at TEN PERCENT for FIVE YEARS PREVIOUS NON
    PAYMENT;
    Treble damages of 1.2 million dollars;
    TWO MILLION DOLLARS EXEMPLARY DAMAGES, including lost profits;

    ALLSTATE and WESTERN must not oppose, delay, or interfere with collection proceedings through bankruptcy, and non-judicial foreclosure of ALLSTATE'S and WESTERN'S property whether tangible or intangible;

    Default judgments shall be entered in the Court cases against ALLSTATE ENGINEERING AND WESTERN SURETY COMPANY;

    ALLSTATE ENGINEERING and WESTERN SURETY agreed to all the terms specified in the Amended proposal sent February 13, 2019 if no response or rebutals were received by February 18, 2019;

    ALLSTATE ENGINEERING and WESTERN SURETY ADMITTED ALL FACTS stated in original complaint;

## <u>HOW TO CURE DEFAULTS</u>

You, Jeffrey Horowitz as agent/representative for your clients ALLSTATE ENGINEERING and WESTERN SURETYCOMPANY must respond/rebut said February 13, 2019 proposal by Thursday, February 21, 2019 to avoid defaults, meaning completely agreeing to the novations proposed in my proposals of February 13, 2019, which and now confirmed.

Your failure to respond by February 21, 2019 will be your, ALLSTATE ENGINEERING and WESTERN SURETY COMPANY's assent, consent, and binding agreement to the novations and change in terms, conditions definitions of my Claims for enforcement of my property (contract) and you hereby Waive a Jury and Bench Trials, in favor of exclusive binding arbitration, and judgment by arbitrator (of my choice) except enforcement of arbiters judgment in Court, and bind yourselves individually to or all of the items identified in my February 13 proposals.

- Binding Arbitration by an arbiter of my choice, in the next proceeding months;
- Involuntary Chapter 7 Bankruptcy of ALLSTATE ENGINEERING and/or WESTERN SURETY COMPANY;
- PAYMENT OF ALL SUMS identified in my February 13, 2019 contract;
- Non-judicial foreclosure of ALLSTATE ENGINEERING and WESTERN SURETY COMPANY;
- Etc., etc., etc. specified in the February 13, 2019 Contract.

This _____ day of February, in the Year of Our Lord, A.D., two thousand nineteen.

Joaquin Andres Acosta, and for my heirs, successors, assigns, agents (collectively "general partners")


Sent this February 19, day in the Year 2019.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJ ACOSTA COMPANY, INC., UNITED STATES OF AMERICA, for the use and benefit of a California corporation | CASE NUMBER: CV 13-01438 DDP (JCx) |
| Plaintiff(s) v. | |
| ALLSTATE ENGINEERING, a California corporation, WESTERN SURETY COMPANY, a South Dakota corporation | **ORDER/REFERRAL TO ADR** |
| Defendant(s). | |

The Court, having considered the parties' Request: ADR Procedure Selection, the Notice to Parties of Court-Directed ADR Program, or the report submitted by the parties pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 26-1, hereby:

**ORDERS** this case referred to:

**ADR PROCEDURE NO. 3**: (Private mediation).

For ADR Procedure Nos. 1 and 3, counsel are responsible for contacting the judge or private mediator at the appropriate time to arrange for further proceedings.

Dated: August 20, 2013

United States District Judge

Joaquin Andres Acosta
PO Box 2889
Big Bear Lake, California (92315)
909-866-9634
acostatrees@msn.com

Jeffrey D. Horowitz
The Horowitz Law Firm
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, California 91423
(818) 907-8000
jeff@jdhorowitzlaw.com

      Representing

          Josh Choi
          Allstate Engineering

          Western Surety Company
          Edward N. Hackett
          WESTERN SURETY COMPANY

February 13, 2019

Re:      A.J. Acosta Company v. Allstate Engineering and Western Surety Co.
         USDC, CDC, Case No.  2:13-cv-01438 (DDP)(JC)
         Western Surety Company
         Principal:    Allstate Engineering
         Project:      Vandenberg Air Force Base Demolish East Housing
                      Infrastructure
         Contract:    WP12PL-11-C-0012

TO ALL MEN MAKE THESE PRESENTS KNOWN:

To recap events:

      On or about 2/8/2019, you received my offer to settle the matter for $450,000, where
      if paid within ten days we'd waive interest for five years, and all other arrearages, etc.,
      etc.

1

PLEASE TAKE NOTICE that we amend our offer giving you until 2/18/2019 respond.  Failure to respond shall be a novation of the case to the all of the following:

**Actions we propose:**

Since the Bankruptcy Trustee abandoned its interest in collecting the outstanding debt due from Allstate and Western Surety Company in 2018, we ask you to reinstate and pay your offer you previously tendered, the sum $450,000. When you pay up, we will waive interest that has compounded for five years, and waive accrued outstanding attorney fees, associated costs, etc.

If you do not pay or fail to pay your original offer within ten days, we intend to reinstate ADR, and shall require you to pay the full amounts due, $862,701.45, including five years interest, and the balances due for all the extra work performed, i.e., VAFB Demo Failure to Fairly and Accurately Process Subcontractor Progress Payments, for Disconnecting Capping Utilities, Water Dust Abatement, Fire Hydrant Extra Work, Verizon Telephone Lines, Army Corps FRP1, Army Corps RFP2, including extra damages suffered, for failure to comply with the PROMPT PAYMENT ACT, codified as Federal Acquisition Regulation F.A.R. 52-232-27 (April 1989); and, for Breach of Contract, Open Book Account/Account Stated.

In addition to the above, if we have not heard from ALLSTATE ENGINEERING and WESTERN SURETY by February 18, 2019, it shall be deemed your (ALLSTATE ENGINEERING and WESTERN SURETY'S) agreement to go into binding arbitration for the matter, entirely skipping most of the usual court process, except enforcement of the arbitration judgments.

In addition, if either ALLSTATE ENGINEERING and WESTERN SURETY fail respond in writing to this amended settlement agreement by February 18, 2019, ALLSTATE ENGINEERING and WESTERN SURETY do individually assent, consent

2

and agree that joaquin andres acosta, my heirs, successors, assigns and agents (known herein as "general partners") have the right to place ALLSTATE ENGINEERING and WESTERN SURETY into a Chapter 7 involuntary bankruptcy.

In addition, if it arise that ALLSTATE ENGINEERING and WESTERN SURETY fail to respond in writing by FEBRUARY 18, 2019, ALLSTATE and WESTERN assents, consents and agrees that joaquin andres acosta, my heirs, successors, assigns and agents (collectively "general partners") shall be have the right and be deemed "secured creditors", and shall be paid first, before any other creditors.

In addition, if it arise that ALLSTATE ENGINEERING does respond in writing by FEBRUARY 18, 2019, ALLSTATE ENGINEERING and WESTERN SURETY must have their respective presidents personal attendance present at binding arbitration. IF ALLSTATE ENGINEERING and WESTERN SURETY Presidents does not personally attend binding arbitration, then ALLSTATE and WESTERN SURETY both individually assent, consent and agree that the abitrator must assign default judgments against ALLSTATE ENGINEERING and WESTERN SURETY for the amounts specified below.

In addition, if it arise that the arbitrator assigns ALLSTATE ENGINEERING and WESTERN SURETY default judgments, then ALLSTATE ENGINEERING and WESTERN SURETY both individually agree that joaquin andres acosta shall immediately liquidate both companies in an INVOLUNTARY CHAPTER SEVEN BANKRUPTCY PROCEEDINGS, including non-judicial foreclosure proceedings.

In addition, if LIQUIDATION PROCEEDINGS are initiated against ALLSTATE ENGINEERING assents, consents and agrees that ALLSTATE ENGINEERING owes joaquin andres acosta, my heirs, successors, assigns and agents (collectively "general partners") arrears the sum of ONE MILLION TWO HUNDRED THOUSAND DOLLARS, including compound interest at TEN PERCENT for FIVE YEARS, in addition TREBLE

3

DAMAGES (of 1.2 including interest), TWO MILLION EXEMPLARY DAMAGES, including lost profits.

In addition, if LIQUIDATION PROCEEDINGS are initiated against WESTERN SURETY assents, consents and agrees that assents, consents and agrees that ALLSTATE ENGINEERING owes joaquin andres acosta, my heirs, successors, assigns and agents (collectively "general partners") arrears the sum of ONE MILLION TWO HUNDRED THOUSAND DOLLARS, including compound interest at TEN PERCENT for FIVE YEARS, in addition TREBLE DAMAGES (of 1.2 including interest), TWO MILLION EXEMPLARY DAMAGES, including lost profits.

In addition, if it arise that liquidation proceedings are initiated, ALLSTATE ENGINEERING agrees that ALLSTATE ENGINEERING and WESTERN SURETY shall not oppose, interfere, and shall not allow any person representing ALLSTATE ENGINEERING and WESTERN SURETY to: oppose, interfere with collections, shall not file any adversary proceeding against joaquin andres acosta, my heirs, successors, assigns and agents (collectively "general partners"), nor shall ALLSTATE et al, delay, any collection proceeding, but must assist joaquin andres acosta in all matters required by me for investigation, collection and satisfaction, and ALLSTATE shall pay for all matters requiring investigation, inquiry, and sale of assets, whether tangible or intangible.

In addition, if it arise that ALLSTATE ENGINEERING and WESTERN SURETY does not respond in writing by FEBRUARY 18, 2019, ALLSTATE ENGINEERING and WESTERN SURETY assents, consents and agrees that ALLSTATE ENGINEERING and WESTERN SURETY owes joaquin andres acosta all the arrearages identified above, and ALLSTATE ENGINEERING and WESTERN SURETY agrees that both are delinquents and agrees to the Court entering judgments against each for the full amounts identified herein.

These agreements that shall take affect, if ALLSTATE ENGINEERING and WESTERN SURETY remains silent and does not furnish an answer in writing to each of the above proposed actions/agreements, terms, conditions and covenants, this shall be deemed to mean that ALLSTATE ENGINEERING and WESTERN SURETY ASSENTS, CONSENTS and AGREES to all of the terms identified herein, if not responded to by FEBRUARY 18, 2019.

If you fail to respond in writing, on or before February 18, 2019, you ASSENT, CONSENT and AGREE to all of the foregoing without exceptions. Any failures to respond shall be deemed an admissions by ALLSTATE ENGINEERING and WESTERN SURETY to all of the foregoing, and that a debt is owed, and joaquin andres acosta, my heirs, successors, and assigns (collectively "general partners") may commence any of the above, without notice to ALLSTATE ENGINEERING and without notice to WESTERN SURETY, including commencement of non-judicial foreclosure proceedings.

NOTICE TO AGENT IS NOTICE TO PRINCIPALS

NOTICE TO PRINCIPALS IS NOTICE TO AGENT

This Notice is to agent ALLSTATE ENGINEERING and WESTERN SURETY's agent/representative Jeffrey Horowitz. Any failure by agent Jeffrey Horowitz to respond in writing by FEBRUARY 18, 2019 shall be deemed assent, consent and agreement by ALLSTATE ENGINEERING and WESTERN SURETY, and is binding upon ALLSTATE ENGINEERING and WESTERN SURETY, including.

Best,

Joaquin Andres Acosta.

## Amended Certificate of Service

I, me, joaquin andres acosta hereby certify that my letter dated February 14, 2019, has been electronically sent to:

Jeffrey D. Horowitz
The Horowitz Law Firm
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, California 91423
(818) 907-8000
jeff@jdhorowitzlaw.com

  representing
    Josh Choi, Allstate Engineering; and,
    Western Surety Company
    Edward N. Hackett
    WESTERN SURETY COMPANY

This ____ day of February, in the Year of Our Lord, A.D., two thousand nineteen.

joaquin andres acosta.

-6-

## CERTIFICATE AND NOTICE OF NON-RESPONSE
Administrative Remedy, Incorporating Private Arbitration by Contract
for All Previous Dishonors, i.e., for non-responses and acceptance of my proposals

To:   JEFFREY D. HOROWITZ
      The Horowitz Law Firm
      14156 Magnolia Boulevard, Suite 200
      Sherman Oaks, California 91423
      jeff@jdhorowitzlaw.com                    **SENT BY EMAIL**

as exclusive agent/representative and designated respondent to serve all parties:

      JOSHUA B. CHOI
      ALLSTATE ENGINEERING CORPORATION (libelee)
      1206 South Alvarado Street, Unit A
      Los Angeles, California, 90006

      WESTERN SURETY COMPANY (libelee)
      101 S. REID STREET, SUITE 300
      Sioux Falls, South Dakota, 57103

      EDWARD N. HACKETT (libelee)
      WESTERN SURETY COMPANY
      1445 Frazee Road, Suite 801
      San Diego, California, 92108

                                                February 25, 2019

Re:   A.J. Acosta Company v. Allstate Engineering and Western Surety Co.
      U.S.D.C. CDC, Case No. 2:13-cv-01438(DDP)(JC)
      Western Surety Company
      Principal:    Allstate Engineering
      Project:      Vandenburg Air Force Base Demolish East Housing Infrastructure
      Contract:     WP12PL-11-C-0012

To the parties identified above:

1. The evidence shows that the Libelees named in this administrative remedy, ALLSTATE ENGINEERING and WESTERN SURETY were duly served by mail and email on February 7, 2019, and an amended proposal served by email to Jeffrey Horowitz on February 13, 2019.

2. The evidence shows that the Libelees named in this administrative remedy were duly served by email, and received by Jeffrey Horowitz on February 19, 2019, the Notice and Opportunity to Cure Defaults which required response and/or rebuttal by

## CERTIFICATE AND NOTICE OF NON-RESPONSE
Administrative Remedy, Incorporating Private Arbitration by Contract
for All Previous Dishonors, i.e., for non-responses and acceptance of my proposals

February 21, 2019.

3. The evidence shows that on February 21, 2019, you, Jeffrey Horowitz, Joshua Choi, Allstate Engineering and Western Surety Company, and Edward N. Hackett failed to cure the defaults, after you had Notice and Opportunity to Cure Defaults.

4. The evidence shows that Jeffrey Horowitz, Joshua Choi, Allstate Engineering, Western Surety Company and Edward N. Hackett agreed to all of the following:

    (a) Binding Arbitration, by an Arbitrator of my Choice;

    (b) Allstate Engineering and Western Surety Company agreed to pay:

        (i) principal amount of unpaid balance $862,701.45;

        (ii) interest @10% over five years:    $431,350.72;
                           (Sub-Total:$1,294,052.17);

        (iii) treble damages        x4: $5,176,208.68;

        (iv) exemplary damages:      $2,000,000.00
                    Total due    **$7,176,208.68;**

        (v) involuntary Chapter 7 bankruptcy of Allstate Engineering and Western Surety;

        (vi) non-judicial foreclosure of all of Allstate Engineering's property;

        (vii) non-judicial foreclosure of all of Western Surety Company's property;

        (viii) Allstate Engineering and Joshua Choi, including its employees and representatives must prohibit interference and obstruction with collection proceedings, and must not obstruct, challenge, delay any Involuntary Chapter 7 bankruptcy;

        (ix) Allstate Engineering and Joshua Choi must not, including its employees and representative prohibit interference with any non-judicial foreclosure proceedings, and must not obstruct, challenge, delay any non-judicial foreclosure proceedings;

        (x) Allstate Engineering and Joshua Choi must fully cooperate with

**CERTIFICATE AND NOTICE OF NON-RESPONSE**
Administrative Remedy, Incorporating Private Arbitration by Contract
for All Previous Dishonors, i.e., for non-responses and acceptance of my proposals

any/all   investigation, inquiry, and sale of assets whether tangible and intangible;

(xi) non-judicial foreclosure of all of Western Surety Company's property;

(xii) Western Surety Company and Edward N. Hackett, including its employees and representatives must prohibit interference and obstruction with collection proceedings, and must not obstruct, challenge, delay any Involuntary Chapter 7 bankruptcy;

(xiii) Western Surety Company and Edward N. Hacket and Joshua Choi must not, including its employees and representative prohibit interference with any non-judicial foreclosure proceedings, and must   not   obstruct, challenge, delay any non-judicial foreclosure proceedings;

(xiv) Western Surety Company and Edward N. Hackett including all employees and representatives must fully cooperate with any/all investigation, inquiry, and sale of assets whether tangible and intangible;

(xv) Allstate Engineering and Western Surety Company admits each are delinquent in payments and owe all the amounts set forth and identified in the original claim, and proposals modifying said original claim (complaint filed in court) of February 7,13, 2019, and in the Notice and Opportunity to Cure dated February 19, 2019.

(xvi) Allstate Engineering and Western Surety's presidents, or in lieu of the presidents appearing at binding arbitration, Allstate and Western must make a corporate resolution appointing a person by resolution that said person shall bind the companies in this legal matters.

(xvii) Allstate Engineering and Western Surety agreed that they waive a bench trial and jury trial and all court procedures, except rendering judgment based on arbitrator's judgment and enforcement of said judgment, and post judgment procedures designed for collection;

(xviii) Allstate Engineering and Western Surety Company waives all appeals;

(xviv) No proofs of claim have been filed by Allstate Engineering and Western Surety Company;

**CERTIFICATE AND NOTICE OF NON-RESPONSE**
Administrative Remedy, Incorporating Private Arbitration by Contract
for All Previous Dishonors, i.e., for non-responses and acceptance of my proposals

(xv) Costs;

(xvi) Allstate and Western by not taking the first offer February 7, 2019, which if accepted, Allstate and Western would have paid 450,000.00, and interest for five years would have been waived out of 862,701.45 due, and accrued attorneys fees and costs. Instead, Allstate, Western and their representatives agreed to all of the remedies cited herein. Therefore,

(xvii) Joaquin Andres Acosta, my heirs, successors, assigns and agents are "general partners."

(xviii) This contract is perfected, pursuant to failure by Jeffrey Horowitz, Allstate Engineering and Western Surety's to respond pursuant Federal Rule 8(b)(6), and Tweel Doctrine (U.S. v. Tweel, 550 F.2d 297, 299), my proposals of February 7, 13, 2019, and the Notice and Opportunity to Cure Defaults dated February 19, 2019.

Sent to Jeffrey Horowitz by Email this same day.

This _____ day of February, in the Year of Our Lord, Two thousand nineteen.

_____
joaquin andres acosta.