Jeffrey D. Horowitz, Esq. SBN 150012
**THE HOROWITZ LAW FIRM**
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, CA 91423
(818) 907-8000 (telephone)
(818) 784-5406 (facsimile)
E-mail: jeff@jdhorowitzlaw.com

Attorney for Defendant, ALLSTATE ENGINEERING

Craig E. Guenther, Esq. SBN 126134
**BOOTH, MITCHEL & STRANGE, LLP**
701 South Parker Street, Suite 6500
Orange, CA 92868
(714) 480-8500 (telephone)
(714) 480-8533 (facsimile)
E-Mail: ceguenther@boothmitchel.com

Attorney for Defendant WESTERN SURETY COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of AJ ACOSTA COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE ENGINEERING, a California corporation, WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. **CV13-01438-DDP**<br><br>**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>PRE-TRIAL CONF. : 10/21/2019<br>TRIAL : 10/29/2019<br><br>JUDGE: Hon. Dean D. Pregerson |

**TABLE OF CONTENTS**

1. THE PARTIES AND PLEADINGS . . . . . . . . . . . . . . . . . . . . 3
2. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
3. TRIAL DURATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
4. PARTIES' CLAIMS AND DEFENSES . . . . . . . . . . . . . . . . . . 3
5. DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
6. MEDIATION STATUS REPORT . . . . . . . . . . . . . . . . . . . . . . 6
7. EXHIBIT LIST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
8. WITNESS LISTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Following the Pre-Trial Conference, **IT IS ORDERED**:

**1. THE PARTIES AND PLEADINGS**

Plaintiff is Joaquin Andres Acosta who was substituted in as Plaintiff in place of the original Plaintiff AJ Acosta Company Inc., a California corporation.

Defendants are Allstate Engineering, a California corporation and Western Surety Company, a South Dakota corporation.

Counterclaimant is Allstate Engineering, however, the counterclaim is stayed due to Counterdefendant A J Acosta Company Inc.'s Chapter 7 Bankruptcy, which is still pending.

**2. JURISDICTION**

Subject matter jurisdiction over this action exists under 40 U.S.C. §§ 3131 through 3134 ("The Miller Act") and Supplemental jurisdiction is based on 28 U.S.C. § 1367 (a.)

**3. TRIAL DURATION**

The trial is estimated to take 3-5 days.

**4. PARTIES' CLAIMS AND DEFENSES**

Plaintiff's Claims:

(a) Plaintiff plans to pursue the following claims against Defendants:

Claim 1: Miller Act Payment Bond

Claim 2: Breach of Contract

Claim 3: Common Counts

//

//

//

Defendants' Affirmative Defenses:

(a) Defendants plan to pursue the following affirmative defenses:

**Defense 1:** Plaintiff cannot recover against the Miller Act payment bond issued by WESTERN in connection with the federal public works project at issue in this case because the project at issue in this litigation is a demolition project, not a project for the construction, alteration or repair of any public building or public work of the Federal Government, within the meaning of 40 U.S.C. § 3131(b). As such, the Miller Act does not apply. 48 C.F.R. § 37.302 and *Chicago Rigging Co. v. Uniroyal Chemical Co.* (1989) 718 F. Supp. 696, 700.

**Defense 2**: Plaintiff has waived any and all claims that it may have had or have against answering Defendants arising from the transactions and occurrences set forth in the Complaint. Plaintiff breached the contract and abandoned the construction project.

**Defense 3:** Plaintiff is estopped by its own conduct from asserting any and all claims it has or that it may have had against Defendants arising from the transactions and occurrences set forth in the Complaint. Plaintiff breached the contract and abandoned the construction project

**Defense 4:** Plaintiff's damages, if it has suffered any damage at all, were proximately caused and/or contributed to by the negligence and/or otherwise wrongful or unlawful conduct of Plaintiff and/or persons whose conduct is imputable to it which precludes recovery by Plaintiff. Accordingly, Plaintiff is wholly and/or partially barred from recovery herein. Plaintiff breached the contract and abandoned the construction project.

**Defense 5:** The conduct of Plaintiff and/or persons whose conduct is imputable to Plaintiff precludes recovery by Plaintiff against Defendants for any claims asserted herein. Plaintiff breached the contract and abandoned the construction project.

**Defense 6:** Plaintiff is barred from recovery as the work performed by Plaintiff on the project at issue in this litigation was defective and not in conformance with the requirements of the subcontract at issue in this case. Plaintiff failed to crush the concrete to the required specifications and abandoned the project without excuse.

**Defense 7:** The loss to Plaintiff, if any, was occasioned by, and as a result of its failure to comply with the terms of the subcontract between Plaintiff and ALLSTATE. Therefore, Defendants are entitled to an offset as determined with respect to such failure, against these answering Defendants' liability, if any.

**Defense 8:** Plaintiff's claim as set forth in its Complaint herein, have been paid and satisfied, in whole or in part.

**Defense 9:** The subcontract was subject to a condition precedent and/or antecedent and that such conditions have occurred or have failed to occur thereby extinguishing or precluding liability of Defendants under said subcontract.

**Defense 10:** Recovery by Plaintiff upon the subcontract is precluded by its failure to tender valuable consideration or suffer any legal detriment thereby.

**Defense 11:** Plaintiff has failed and refused to cooperate with WESTERN in its investigation of Plaintiff's claim by refusing to provide supporting documentation which is a condition precedent to payment of any bond claim.

**Defense 12:** Plaintiff failed to mitigate its damages, if it has suffered any damage at all, and is therefore wholly and/or partially barred from recovery herein.

**Defense 13:** Plaintiff's claim is invalid because Plaintiff abandoned the project site and failed to perform all of the work it was required to perform under its subcontract with ALLSTATE in connection with the project at issue in this litigation.

**Defense 14:** The liability of WESTERN, if any, is limited in the aggregate to the penal sum of the payment bond at issue in this case, which is $1,893,511, irrespective of the number of claims brought against said bond. Any such liability

is reduced and exonerated by payments made in good faith to any other claimants who have, or who may bring, claims or lawsuits against the same surety bond.

**Defense 15:** The liability of the surety WESTERN, if any, is commensurate with and cannot exceed the liability, if any, of its bond principal ALLSTATE. If ALLSTATE is not liable to Plaintiff, then neither can its surety WESTERN be liable.

**Defense 16:** The surety WESTERN is entitled to all of the defenses of its bond principal ALLSTATE.

**Defense 17:** Because the project at issue in this litigation is a Federal project, the California Business and Professions Code is inapplicable, and is pre-empted by Federal law. *Gartrell Construction Incorporated vs. Aubry*, 940 F.2d 437 (9th Cir. 1991.)

## 5. DISCOVERY

All discovery is complete.

## 6. MEDIATION STATUS REPORT

This case went to Mediation with retired Judge Hon. Joseph S. Biderman on October 2, 2019 at ADR Services, Inc.'s Downtown Los Angeles Office. While some progress was made, the parties were not able to reach a settlement. At the Pre-Trial Conference, Defendants Allstate Engineering and Western Surety Company request that this court consider ordering this case to a further mediation session or to a Mandatory Settlement Conference and delay the presently scheduled Trial date to allow the parties a further opportunity to explore settlement.

//

//

**7. EXHIBIT LISTS**

Defendants Allstate Engineering and Western Surety Company filed their Exhibit List with this court under Fed. R. Civ. P. 26(a)(3).

Plaintiff Joaquin Andres filed his Exhibit List late under Fed. R. Civ. P. 26(a)(3) and therefore Acosta should be barred from introducing any exhibits at Trial. An Objection to Acosta's untimely filed Pre-Trial Disclosure Documents was filed with the court by Allstate Engineering and Western Surety Company.

**8. WITNESS LISTS**

Defendants Allstate Engineering and Western Surety Company filed their Witness List with this court under Fed. R. Civ. P. 26(a)(3).

Plaintiff Joaquin Andres filed his Witness List late under Fed. R. Civ. P. 26(a)(3) and therefore Acosta should be barred from calling any witnesses at Trial. An Objection to Acosta's untimely filed Pre-Trial Disclosure Documents was filed with the court by Allstate Engineering and Western Surety Company.

Dated:____________

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT COURT JUDGE

**Approved as to form and content:**

Dated: October 15, 2019

**THE HOROWITZ LAW FIRM**

By: Jeffrey D. Horowitz, Esq.
Attorney for Defendant and Counterclaimant
ALLSTATE ENGINEERING

Dated: October _____, 2019

**BOOTH, MITCHEL & STRANGE, LLP**

*/S/ Craig E. Guenther*
By: Craig E. Guenther, Esq.
Attorney for Defendant
WESTERN SURETY COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 15, 2019, a true and correct copy of the foregoing **[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER** was served on all parties and counsel of record via CM/ECF.

Dated: October 15, 2019

By: Jeffrey D. Horowitz, Esq.
Attorney for Defendant and Counterclaimant
ALLSTATE ENGINEERING

**PROOF OF SERVICE BY MAIL**
**(1013a, 2015.5 C.C.P.)**

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is, 14156 Magnolia Boulevard, Suite 200, Sherman Oaks, CA 91423.

I am familiar with the practice of this office whereby the mail is sealed, given the appropriate postage, and placed in a designated mail collection area. The mail is thereafter deposited in a United States mailbox at the close of each business day.

On October 15, 2019, I served the foregoing documents **[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER** on the parties by placing true copies thereof in a sealed envelope addressed as follows:

Joaquin Andres Acosta
P.O. Box 2889
Big Bear Lake, CA 92315
***Plaintiff and Counter-Defendant, In Pro Per***

Craig E. Guenther
BOOTH, MITCHEL & STRANGE LLP
701 South Parker Street, Suite 6500
Orange, CA 92868-4733
Tel: (714) 480-8500; Fax: (714) 480-8533
***Attorney for Defendant Western Surety Company***

**(X) (BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( ) (BY ELECTRONIC SERVICE) The above document was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

( ) (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee(s).

( ) (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: October 15, 2019

Marine Kaladjian