Jeffrey D. Horowitz, Esq. SBN 150012
**THE HOROWITZ LAW FIRM**
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, CA 91423
(818) 907-8000 (telephone)
(818) 784-5406 (facsimile)
E-mail: jeff@jdhorowitzlaw.com

Attorney for Defendant, ALLSTATE ENGINEERING

Craig E. Guenther, Esq. SBN 126134
**BOOTH, MITCHEL & STRANGE, LLP**
701 South Parker Street, Suite 6500
Orange, CA 92868
(714) 480-8500 (telephone)
(714) 480-8533 (facsimile)
E-Mail: ceguenther@boothmitchel.com

Attorney for Defendant WESTERN SURETY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of AJ ACOSTA COMPANY, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE ENGINEERING, a California corporation, WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>　　　　　　Defendants. | CASE NO. **CV13-01438-DDP**<br><br>**ALLSTATE ENGINEERING AND WESTERN SURETY COMPANY'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>[Local Rule 16.4]<br><br>PRE-TRIAL CONF. : 10/21/2019<br>TRIAL　　　　　: 10/29/2019<br><br>JUDGE: Hon. Dean D. Pregerson |

## I. INTRODUCTION

Pursuant to Local Rule 16-4, Defendant and Counterclaimant ALLSTATE ENGINEERING ("Allstate" or "Defendant") and Defendant WESTERN SURETY COMPANY ("Western Surety" or "Defendant") respectfully submit the following Memorandum of Contentions of Fact and Law in this matter against Plaintiff Joaquin Andres Acosta, who was substituted in as Plaintiff in place of the original Plaintiff AJ Acosta Company, Inc. ("Plaintiff"):

## II. DEFENDANTS' CLAIMS AND DEFENSES

### A. Summary Statement of Allstate's Counterclaim and Defendants' Affirmative Defenses [L.R. 16-4.1 (d)]

Defendants have pleaded and plan to pursue the following counterclaim and affirmative defenses against Plaintiff:

| | |
|---|---|
| Counterclaim 1: | Breach of Contract |
| Affirmative Defenses: | Miller Act does not apply; waiver; estoppel; lack of causation; Plaintiff's breach of contract and abandonment of the project; offset; payment and satisfaction; failure of condition precedent; no legal detriment; failure to cooperate with Western Surety; failure to mitigate damages; abandonment of project; liability of Western Surety limited to penal sum of the bond; Western Surety's liability cannot exceed Allstate's liability; Western Surety has Allstate's defenses; CA B&P Code is inapplicable; defective work. |

B.  **Elements of Allstate's Counterclaim and Defendants' Affirmative Defenses and Evidence in Support Thereof [L.R. 16-4.1 (e), (f)]**

Counterclaim 1:                              Breach of Contract

a.  **Elements**

The essential elements of a breach of contract cause of action are: (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Reichert v. General Ins. Co. of America*, 68 Cal.2d 822, 830 (1968).

b.  **Key Evidence In Support of the Counterclaim for Breach of Contract**

1.  Subcontract Agreement between Allstate and Plaintiff;
2.  Notices of Non-Performance and Termination;
3.  Subcontract Agreements between Allstate and the subcontractors hired to correct and complete Plaintiff's scope of work;
4.  Testimony of witnesses and photos showing poor work and failure to complete the project.

Affirmative Defenses:

a.  **Elements**

The affirmative defenses of waiver, estoppel, lack of causation, offset, payment and satisfaction, failure of condition precedent, failure to mitigate damages, no legal detriment, are based on Plaintiff's breach of the subcontract, by abandoning the project and performing defective work. The same elements mentioned above for a breach of contract cause of action apply here.

Plaintiff cannot recover against the Miller Act payment bond issued by Western Surety in connection with the federal public works project at issue in this case because the project at issue in this litigation is a demolition project, not a project for the construction, alteration or repair of any public building or public work of the Federal Government, within the meaning of 40 U.S.C. § 3131(b). As

such, the Miller Act does not apply. 48 C.F.R. § 37.302 and *Chicago Rigging Co. v. Uniroyal Chemical Co.* (1989) 718 F. Supp. 696, 700.

The liability of Western Surety, if any, is limited in the aggregate to the penal sum of the payment bond at issue in this case, irrespective of the number of claims brought against said bond. Any such liability is reduced and exonerated by payments made in good faith to any other claimants who have, or who may bring, claims or lawsuits against the same surety bond.

The liability of the Western Surety, if any, is commensurate with and cannot exceed the liability, if any, of its bond principal Allstate. If Allstate is not liable to Plaintiff, then neither can its surety Western be liable.

Western Surety is entitled to all of the defenses of its bond principal Allstate.

Because the project at issue in this litigation is a Federal project, the California <u>Business and Professions Code</u> is inapplicable, and is pre-empted by Federal law. *Gartrell Construction Incorporated vs. Aubry*, 940 F.2d 437 (9th Cir. 1991.)

Plaintiff has failed and refused to cooperate with Western Surety in its investigation of Plaintiff's claim by refusing to provide sufficient and proper supporting documentation which is a condition precedent to payment of any bond claim.

      **b.**    **Key Evidence In Support of the Affirmative Defenses**

See evidence described above for Counterclaim 1.

### III. **BIFURCATION OF ISSUES [L.R. 16-4.3]**

Allstate does not request any bifurcation of issues at trial.

### IV. **JURY TRIAL [L.R. 16-4.4]**

Allstate contends that its counterclaim for breach of contract is triable to a jury, and that a timely demand for a jury has been made.

//

//

## V. ATTORNEY'S FEES [L.R. 16-4.5]

The Subcontract at issue between Allstate and Plaintiff contains Attorney's Fees clause.

## VI. ABANDONEMENT OF ISSUES [L.R. 16-4.6]

Allstate is not currently abandoning any issues to be tried at trial.

Respectfully submitted,

Dated: October 18, 2019        **THE HOROWITZ LAW FIRM**

By: Jeffrey D. Horowitz, Esq.
Attorney for Defendant
ALLSTATE ENGINEERING

Dated: October 18, 2019        **BOOTH, MITCHEL & STRANGE, LLP**

/S/ Craig E. Guenther
By: Craig E. Guenther, Esq.
Attorney for Defendant
WESTERN SURETY COMPANY

ALLSTATE ENGINEERING AND WESTERN SURETY COMPANY'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 18, 2019, a true and correct copy of the foregoing **ALLSTATE ENGINEERING AND WESTERN SURETY COMPANY'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** was served on all parties and counsel of record via CM/ECF.

Dated: October 18, 2019

By: Jeffrey D. Horowitz, Esq.
Attorney for Defendant and Counterclaimant
ALLSTATE ENGINEERING