Jeffrey D. Horowitz, Esq. SBN 150012
**THE HOROWITZ LAW FIRM**
14156 Magnolia Boulevard, Suite 200
Sherman Oaks, CA 91423
(818) 907-8000 (telephone)
(818) 784-5406 (facsimile)
E-mail: jeff@jdhorowitzlaw.com

Attorney for Defendant, ALLSTATE ENGINEERING

Craig E. Guenther, Esq. SBN 126134
**BOOTH, MITCHEL & STRANGE, LLP**
701 South Parker Street, Suite 6500
Orange, CA 92868
(714) 480-8500 (telephone)
(714) 480-8533 (facsimile)
E-Mail: ceguenther@boothmitchel.com

Attorney for Defendant WESTERN SURETY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of AJ ACOSTA COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE ENGINEERING, a California corporation, WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. **CV13-01438-DDP**<br><br>**[PROPOSED] JURY INSTRUCTIONS BY ALLSTATE ENGINEERING AND WESTERN SURETY COMPANY**<br><br>PRE-TRIAL CONF. : 10/21/2019<br>TRIAL : 10/29/2019<br><br>JUDGE: Hon. Dean D. Pregerson |

Please take notice that, Defendant and Counterclaimant ALLSTATE ENGINEERING and Defendant WESTERN SURETY COMPANY is lodging with this court their [Proposed] Jury Instructions, as follows:

1. <u>Damages</u>.

    It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

    If you find for Allstate Engineering on Allstate Engineering's counterclaim and affirmative defense of breach of contract, you must determine Allstate Engineering's damages. Allstate Engineering has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Allstate Engineering for any injury you find was caused by Acosta. You should consider the following:

    The cost for Allstate Engineering to complete and correct Acosta's scope of work under the subcontract, less the amount of contract funds not disbursed by Allstate Engineering to Acosta.

    It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

2. A surety bond is not an insurance policy, but is a contract, under which the surety agrees to answer for the default of another. Under the payment bond at issue here, Western Surety Company as surety bonded Allstate Engineering as the principal.

3. The liability of Western Surety Company, a surety on a payment bond, cannot be greater than the liability of the principal/contractor Allstate Engineering, if any, under the subcontract.

4. A surety is entitled to all of the defenses available to its bonded contractor. In this case, the principal, Allstate Engineering, asserts the following defenses which are equally applicable to Allstate Engineering and the surety Western Surety Company:


Acosta breached its contract with Allstate Engineering and abandoned its subcontract obligations to Allstate Engineering.

5. If you determine that the plaintiff Acosta materially breached its subcontract with Allstate Engineering, you must find that Allstate Engineering and Western Surety Company are not liable.

6. The liability of a surety cannot exceed the sum of its bond.

7. A subcontractor is one who has contracted with a general or prime contractor for the performance of all or part of the work or services which the general/prime contractor has contracted with the project owner to perform. Acosta is the subcontractor which contracted with Allstate Engineering for all or part of the work or services that Allstate Engineering was required to perform for the project owner, the United States Government.

8. A surety's obligation is derived from that of the bond principal. If you find that Allstate Engineering is not liable to Acosta, then you must find that Western Surety Company is also not liable to Acosta.

9. A plaintiff who claims he is injured by the wrongdoing of another must use reasonable care to promote his own recovery and minimize his damages. This rule is one of good faith and reasonable conduct. If you find that Acosta did not use reasonable care to promote his own recovery and minimize his damages by failing to try to make his damages as small as possible, then you must take off from the damages which you would otherwise award to Acosta, if any, such sum as you think fairly measures the amount to which his damage has been increased by reason of his failure in his duty to minimize his alleged damages.

Dated: October 18, 2019                THE HOROWITZ LAW FIRM

By: Jeffrey D. Horowitz, Esq.
Attorney for Defendant and Counterclaimant
ALLSTATE ENGINEERING

Dated: October 18, 2019      **BOOTH, MITCHEL & STRANGE, LLP**

/S/ Craig E. Guenther
By: Craig E. Guenther, Esq.
Attorney for Defendant
WESTERN SURETY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 18, 2019, a true and correct copy of the foregoing **[PROPOSED] JURY INSTRUCTIONS BY ALLSTATE ENGINEERING AND WESTERN SURETY COMPANY** was served on all parties and counsel of record via CM/ECF.

Dated: October 18, 2019

By: Jeffrey D. Horowitz, Esq.
Attorney for Defendant and Counterclaimant
ALLSTATE ENGINEERING