James C. Diefenbach, State Bar No. 286177
DIEFENBACH LAW GROUP
11835 Carmel Mountain Road, Suite 1304-313
San Diego, California 92128
Telephone: (858) 524-4950
Facsimile: (866) 606-4703
Email: james@diefenbachlawgroup.com

Attorneys for Plaintiff and Counterdefendant
JOAQUIN ANDRES ACOSTA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of AJ ACOSTA COMPANY, INC., a California corporation,<br><br>        Plaintiffs,<br><br>     vs.<br><br>ALLSTATE ENGINEERING, a California corporation, WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>        Defendants. | Case No. 13-01438-DDP (Jcx)<br><br>JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW<br><br><br>Pre-Trial Conf.: January 13, 2020<br>Trial Date:     January 21, 2020<br>Dept.          Court room 3, 2nd Floor<br>Judge:       Hon. Dean D. Pregerson |
| ALLSTATE ENGINEERING, a California corporation,<br><br>        Counterclaimant,<br><br>     v.<br><br>AJ ACOSTA COMPANY, INC., a California corporation,<br><br>        Counterdefendant. | |

-1-
JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

## I.    INTRODUCTION

Pursuant to Local Rule 16-4, Plaintiff and Counterdefendant JOAQUIN ANDRES ACOSTA ("Acosta" or "Plaintiff") respectfully submits the following Memorandum of Contentions of Fact and Law in this matter against Defendants WESTERN SURETY COMPANY ("Western Surety" or "Defendant") and ALLSTATE ENGINEERING ("Allstate" or "Defendant"):

## II.    PLAINTIFF'S CLAIMS AND DEFENSES TO COUNTERCLAIM

### A.    Summary Statement of Acosta's Complaint [L.R. 16-4.1(a)]

Plaintiff has pled and plans to pursue the following claims against Defendant:

i.    First Cause of Action: Miller Act Payment Bond Claim (40 U.S.C. Section 3131-3134) Against Western Surety and Allstate.  Plaintiff is owed money for work, labor and materials provided to the benefit of the Project and Allstate.  Western Surety provided a Performance Bond for the Project that guarantees payment for work provided.

ii.    Second Cause of Action: Breach of Contract Against Allstate.  Allstate breached its contract with Plaintiff by failing to pay contract balance and process change order requests. As a result, Plaintiff was forced to abandon the Project.

iii.    Third Cause of Action: Common Counts-Open Book Account, Account Stated. Plaintiff is owed damages pursuant to the subcontract with Allstate and has submitted invoices for contract work and extra work, for which Acosta has not been compensated for and said amounts remain due and owing.

### B.    Summary Statement of Acosta's Affirmative Defenses to the Counterclaim. [L.R. 16-4.1(d)]

Defendant Allstate filed a counterclaim for cause of action for breach of contract. Plaintiff disputes this claim based on Allstate's own breach and failure to

-2-
JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

make payment pursuant to the Subcontract. As a result, Allstate is not entitled to any damages. Allstate is also negligent, the amounts sought for corrective work are overstated, inaccurate, or otherwise not caused by Acosta. Acosta is entitled to an offset for work performed. Allstate acted in bad faith and was unjustly enriched by terminating Acosta without proper payment. Allstate further failed to properly mitigate its damages.

### C. <u>Elements of Acosta's Claim for Damages [L.R. 16-4.1(b)]</u>

i. <u>First Cause of Action: Miller Act Payment Bond Claim (40 U.S.C. Section 3131-3134) Against Western Surety and Allstate:</u>

The essential elements of a Miller Act Payment Bond Claim are:

1. That a payment bond for the project was executed by Allstate and Western Surety and was delivered to the Project Owner;

2. That Plaintiff provided labor, services, equipment, materials, provisions, or supplies for the project; Which were bestowed on, used in, or consumed in the project; and Which were authorized by Allstate on the payment bond.

3. That Plaintiff has not been paid for all of the labor, services, equipment, or materials that it provided; and

4. The nature and extent of the Plaintiff's damages.

See *California Forms of Jury Instructions MB4500A.09 (2019)*.

ii. <u>Second Cause of Action: Breach of Contract Against Allstate.</u>

The essential elements of a breach of contract cause of action are: (1) a valid and enforceable written contract agreement; (2) the plaintiff's performance or excused for non-performance; (3) defendant's breach; and the resulting damages to plaintiff. *Reichert v. General Ins. Co. of America*, 68 Cal.2d 822, 830 (1968).

iii. <u>Third Cause of Action: Common Counts-Open Book Account, Account Stated.</u>

JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

The essential elements of a common count-open book account stated action are: (1) that plaintiff and defendant had financial transactions with each other; that Plaintiff, in the regular course of business, kept a written/electronic account of the debits and credits involved in the transactions; that defendant owes Plaintiff money on the account.  *Judicial Council of California Civil Jury Instructions, 372.*

### D. Key Evidence in Support of Plaintiff's Causes of Action [L.R. 16-4.1(c)]

The evidence for each cause of action is the same because each cause of action stems from Allstate's material breach of the Subcontract.

1. Subcontract Agreement between Allstate and Acosta.

2. Performance Bond issued by Western Surety, as surety, on behalf of Allstate, as Principal.

3. Payment applications submitted by Acosta. Acosta was not allowed to bill for the actual percentages of its completed work.

4. Change order requests submitted by Acosta.  Allstate failed to process and pay known amounts incurred by Acosta for Change Order work.

5. Email correspondence discussing the Project.  These emails demonstrate Allstate's material breach.

6. Payment Requisitions from Allstate to the Owner.  These payment requisitions demonstrate that Allstate was being paid by the Owner in amounts that exceed what it was allowing Acosta to bill for.

7. Owner's Response to RFP No. 2 Related to Suspension Period and costs paid related to Acosta's time. This demonstrates that Allstate received a substantial payment for Acosta's work that it refused to let Acosta bill for.

8. Testimony of witnesses regarding Allstate's failure to pay and lack of proof regarding alleged corrective work.

### E. Summary Statement of Counterclaims and Affirmative Defenses for Plaintiff. [L.R. 16-4.1(e)]

-4-

JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

Defendants argue that Plaintiff unjustifiably abandoned the subcontract and that Allstate incurred costs beyond the contract balance owed to Acosta. Plaintiff raises the primary affirmative defense that Acosta was excused from performance of the subcontract due to Allstate's material breaches for non-payment of contract funds and change order request.  In addition, Allstate was responsible due to its own negligence for the alleged defective work attributed to Acosta and for its failure to properly mitigate and complete the subcontract in a reasonable manner.

## F.  Elements to Prove Defendants' Counterclaims or Affirmative Defenses. [L.R. 16-4.1(f)]

### a.  Counterclaim: Breach of Contract Against Allstate.

The essential elements of a breach of contract cause of action are: (1) a valid and enforceable written contract agreement; (2) the plaintiff's performance or excused for non-performance; (3) defendant's breach; and the resulting damages to plaintiff.  *Reichert v. General Ins. Co. of America*, 68 Cal.2d 822, 830 (1968).

## G. Third Party Statements [Omitted]

## H. Anticipated Evidentiary Issues [L.R. 16-4.1(h)]

1.  <u>Expert Designation and Reports by Defendants:</u> Defendants failed to provide a written expert report at the time expert disclosures. In response to an inquiry, Defendants indicated on December 23, 2019, that they intend supplement their prior expert disclosure with a new expert and as to reports not previously produced, they will "send them to [Plaintiff] as soon as [Defendant] get[s] the final versions."  Plaintiff objects to any supplementation of experts and any new expert as untimely and in violation of F.R.C.P. 26.

2.  <u>Additional Records obtained from Allstate Former Employee:</u> Acosta recently obtained records from David Jordaan, former project manager for Allstate for the Project.  The records were shared with Defendants and should mirror Defendants own project records, but Defendants have not indicated if they will

-5-

JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

object to the use of these documents.

## I.     Issues of Law [L.R. 16-4.1(i)]

### 1. <u>Acosta is a proper claimant to the Payment Bond.</u>

Defendants have contended that the payment bond issued by Western Surety, as surety, on behalf of Allstate, as principal, does not apply to Acosta since this is a demolition project. Defendants cite 40 U.S.C. section 3131(b) regarding when a bond is required for a public works project.  However, the clear language of the bond states that Acosta is a valid claimant.

### 2. <u>Acosta is a proper plaintiff in place of AJ Acosta Company, Inc.</u>

Defendants have also alleged that Mr. Acosta is not a valid Plaintiff, since the Court allowed him to transfer the case from AJ Acosta Company, Inc., ("AJ Acosta Co.") the original Plaintiff and contracting party. AJ Acosta Co. was forced into bankruptcy due to the fallout of this Project. Mr. Acosta was the principal owner and president of AJ Acosta Co.  The Court properly granted Mr. Acosta's motion to be substituted in as Plaintiff, so from Plaintiff's perspective this issue has already been decided and addressed by the Court.

## III.    <u>BIFURCATION OF ISSUES [L.R. 16-4.3]</u>

Acosta does not request any bifurcation of issues at trial.

## IV.    <u>JURY TRIAL [L.R. 16-4.4]</u>

Acosta contends that its claim for breach of contract, its Miller Act Payment Bond Claim, and Open Book – Account Stated claims are each triable to a jury, and that a timely demand for a jury has been made.

## V.     <u>ATTORNEY'S FEES [L.R. 16-4.5]</u>

Acosta is entitled to attorney fees pursuant to its Miller Act Payment Bond Claim and there is also an attorney fees provision in the Subcontract.  It should be noted that the Subcontract states that only Acosta is entitled to attorney fees, however, California law is well established pursuant to Cal. Civil Code § 1717 that attorney fee provisions shall be awarded to the prevailing party, not a specified

JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

party.

## VI.  **ABANDONMENT OF ISSUES [L.R. 16-4.6]**

Acosta is not currently abandoning any issues to be tried at trial.

Dated:  December 23, 2019

DIEFENBACH LAW GROUP

By  */s/ James C. Diefenbach*
James C. Diefenbach, Esq.
Attorneys for Plaintiff and
Counterdefendant
Joaquin Andres Acosta

JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF
FACTS AND LAW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 23, 2019, a true and correct coyp of the foregoing **PLAINTIFF JOAQUIN ANDRES ACOSTA'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW** was served on all parties and counsel of record via CM/ECF.

Dated:  December 23, 2019                    _/s/ James C. Diefenbach_
                                             By: James C. Diefenbach, Esq.
                                             Attorney for Plaintiff and
                                             Counterdefendant
                                             Joaquin Andres Acosta